USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/7/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: JPMORGAN PRECIOUS METALS SPOOFING LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No.: 1:18-cv-10356<br><br>Hon. Gregory H. Woods |

# FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

This matter came before the Court for a duly-noticed hearing on July 7, 2022 (the "Fairness Hearing"), upon Class Plaintiffs'[1] Motion for Final Approval of Class Action Settlement with Defendant JPMorgan Chase & Co. ("JPMorgan"), which was consented to by JPMorgan (together with Class Plaintiffs, the "Parties").  Due and adequate notice of the Settlement Agreement[2] having been given to the Class Members, the Fairness Hearing having been held and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Final Approval Order and Final Judgment hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. The Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1331 to enter this Final Approval Order and Final Judgment and has personal jurisdiction over Class Plaintiffs and JPMorgan (in this Action only and for purposes of this Settlement only) and all Class Members.

3. For purposes only of the settlement of the Released Claims set forth in the Settlement Agreement (the "Settlement"), the Court hereby finally certifies the Settlement Class, as defined in the Court's December 20, 2021 Order Preliminarily Approving Proposed Settlement, Scheduling Hearing for Final Approval Thereof, and Approving the Proposed Form and Program of Notice to the Class (the "Preliminary Approval Order"). ECF No. 91.  Based on the record, the

---

[1] "Class Plaintiffs" are Dominick Cognata, Melissinos Trading, LLC, Casey Sterk, Kevin Maher, Kenneth Ryan, Robert Charles Class A, L.P., Robert L. Teel, Mark Serri, Yuri Alishaev, Abraham Jeremias, and Morris Jeremias.

[2] The "Settlement Agreement" is the Stipulation and Agreement of Settlement with JPMorgan entered into on September 1, 2021 (ECF No. 79-1).

Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes only of the Settlement.

4.      In so holding, the Court finds that, solely for purposes of settlement, the Settlement Class meets all of the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3).  The Court hereby finds, in the specific context of this Settlement, that: (i) the Settlement Class is so numerous that joinder of all Class Members is impracticable, FED. R. CIV. P. 23(a)(1); (ii) common questions of law and fact exist with regard to JPMorgan's alleged manipulation of the market for Precious Metals Futures or Options on Precious Metals Futures traded on the Commodity Exchange Inc. ("COMEX") or the New York Mercantile Exchange ("NYMEX") and the prices of Precious Metals Futures or Options on Precious Metals Futures, FED. R. CIV. P. 23(a)(2); (iii) Class Plaintiffs' claims in this litigation are typical of those of the Class Members, FED. R. CIV. P. 23(a)(3); and (iv) Class Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Class Members, all of whose claims arise from the identical factual predicate, and Class Plaintiffs and Class Counsel have adequately represented the interests of all Class Members, FED. R. CIV. P. 23(a)(4).  The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. FED. R. CIV. P. 23(b)(3). Class Plaintiffs are certified as representatives of the Settlement Class.  Pursuant to FED. R. CIV. P. 23(g), Lowey Dannenberg, P.C. is certified as class counsel for the Settlement Class.

5.      The Court finds that the mailed notice, publication notice, website, and Class Notice plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best notice practicable under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the

pendency of this Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the Distribution Plan, and of Class Counsel's application for an award of attorneys' fees, for reimbursement of expenses associated with the Action, and any Incentive Award; (c) provided a full and fair opportunity to all Class Members to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23 and Due Process. Based upon JPMorgan's submission to the Court dated May 6, 2022, May 31, 2022, and June 17, 2022, the Court further finds that JPMorgan has complied with the obligations imposed on it under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

6.   The Court finds that one Class Member has validly requested to be excluded from the Settlement Class. That excluded Class Member is identified at ECF No. 112. The Court notes that the Settlement Administrator received an additional request to be excluded from the Settlement Class on June 2, 2022, more than a week after the May 23, 2022 deadline. *See* Dkt. No. 113. The request for exclusion was postmarked May 20, 2022. *Id.* The Settlement Administrator rejected the request as untimely, and the Class Plaintiffs and JP Morgan took no position on whether the request should be accepted by the Court. *Id.*

The Court finds that the Settlement Administrator properly rejected the request as untimely. The Class notice stated:

> If you wish to exclude yourself from the Settlement, you must submit by U.S. first class mail (or, if sent from outside the U.S., by a service that provides for guaranteed delivery within five (5) or fewer calendar days of mailing) or deliver a written request to the Settlement Administrator so that it is received by May 23, 2022.

Dkt. No. 97-1 at 2. The notice is clear that requests for exclusion needed to be received by the Settlement Administrator by May 23, 2022. Here, the request was not received until June 2, 2022.

3

Moreover, the request for an exclusion was postmarked on Friday, May 20, 2022. The deadline for the receipt of requests for exclusions was Monday, May 23, 2022. Given that the notice clearly stated that requests for exclusion needed to be *received* by May 23, 2022, it is unreasonable to mail the request on a Friday on the assumption that it would reach the Settlement Administrator over the weekend. Had the request been mailed well before the May 23, 2022 deadline, but nonetheless received after the deadline, there would be stronger support that it should nonetheless be accepted. But that is not the case, and the Court finds that the Settlement Administrator properly rejected the request for exclusion.

7. The Court finds that no timely objections to the proposed Settlement have been submitted. Notwithstanding the lack of objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement.

8. It is hereby determined that Class Plaintiffs and the Releasing Parties are bound by the Settlement Agreement and this Final Approval Order and Final Judgment, and the Action and the Released Claims against any of the Released Parties, as provided under the Settlement Agreement, are hereby dismissed with prejudice and released. The Parties shall bear their own costs, except as otherwise provided in the Settlement Agreement.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement. This Court finds that the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including Class Plaintiffs. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the

interests of the Parties, that Class Counsel and Class Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the Settlement Class is adequate, and that the Settlement Agreement and Distribution Plan treats Class Members equitably relative to each other.  Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects.  The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

10. Notwithstanding the entry of this Final Approval Order and Final Judgment, if the Settlement Agreement is validly terminated by Class Plaintiffs or JPMorgan, is disapproved in whole or in part by the Court, any appellate court, or any other court of review, or does not become Final, then the provisions of this Final Approval Order and Final Judgment dismissing Class Plaintiffs' claims shall be null and void with respect to such Settlement; Class Plaintiffs' claims shall be reinstated; Defendants' defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with them, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions before the Settlement Agreement was signed. Notwithstanding the language in this Section, any provision(s) in the Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

11. The Settlement Fund defined in the Settlement Agreement has been established as a trust and shall be established as a fiduciary account (the "Settlement Fiduciary Account"). The Court further approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

12. Without affecting the finality of the Final Approval Order and Final Judgment for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order and Final Judgment. The Court also retains exclusive jurisdiction to resolve any disputes that arise out of or relate to the Settlement Agreement, the Settlement, or the Settlement Fund, to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Approval Order and Final Judgment, and to consider or approve the amounts of distributions to Class Members. In addition, without affecting the finality of this Final Approval Order and Final Judgment, Class Plaintiffs, JPMorgan, and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding, or dispute arising out of or relating to this Final Approval Order and Final Judgment or the Settlement Agreement. Any disputes involving Class Plaintiffs, JPMorgan, or Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court.

13. Each Class Member must execute a release and covenant not to sue in conformity with the Settlement Agreement, as incorporated into the Proof of Claim and Release form, in order to receive the Class Member's share(s), if any, of the Net Settlement Fund defined in the Settlement

Agreement. The Court hereby confirms the appointment of A.B. Data, Ltd. as Settlement Administrator and directs that the Settlement Administrator shall ensure that each Proof of Claim and Release form provided to Class Members contains a copy of such release and covenant not to sue. However, each Class Member's claims shall be released pursuant to Section 11 of the Settlement Agreement, regardless of whether the Settlement Class Member executes a release and covenant not to sue pursuant to this paragraph 13.

14. The Court hereby approves the Releasing Parties'[3] releases of the Released Claims[4] against the Released Parties[5] as set forth in the Settlement Agreement and this Final Approval

---

[3] "Releasing Parties" or "Releasing Party" means, individually and collectively, each and every Class Plaintiff and each and every Settling Class Member on such Person or entity's own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, and on behalf of their current and former officers, directors, employees, agents, principals, members, trustees, participants, representatives, fiduciaries, beneficiaries or legal representatives in their capacity as such, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing in their capacity as such, whether or not they object to the Settlement or make a claim for payment from the Settlement Amount. Notwithstanding that the United States Government is excluded from the Settlement Class, with respect to any Settling Class Member that is a government entity, Releasing Parties include any Settling Class Member as to which the government entity has the legal right to release such claims. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Releasing Party. For the avoidance of doubt, the "Releasing Parties" include all Persons entitled to bring or release claims on behalf of Settling Class Members, relating to their transactions in Precious Metals Futures or Options on Precious Metals Futures who do not validly opt out of the settlement.

[4] "Released Claims" means any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which Settling Class Members or any of them ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to any of the facts, conduct, or events that were or could have been alleged or asserted in the Action against the Released Parties in any way involving or concerning Precious Metals Futures or Options on Precious Metals Futures purchased, sold, held, traded, and/or transacted by the Class Plaintiffs, Class Members, and/or Settling Class Members, including, but not limited to, any alleged manipulation or spoofing of Precious Metals Futures or Options on Precious Metals Futures under any statute, regulation, or common law, or the defense or settlement of such claims.

[5] "Released Parties" or "Released Party" means all Defendants in this Action, including the Individual Defendants and JPMorgan, its predecessors, successors and assigns, its past and present direct and indirect parents, subsidiaries and affiliates, and each of their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of JPMorgan), shareholders (in their capacity as shareholders of JPMorgan), attorneys, insurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party.

Order and Final Judgment and, upon the Effective Date, the Releasing Parties shall release and be deemed to release and forever discharge and shall be forever enjoined from prosecuting the Released Claims against the Released Parties.[6]

15. The Court declares that the Settlement Agreement and the Final Approval Order and Final Judgment shall be binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings against a Released Party involving the Released Claims that are maintained by or on behalf of Class Plaintiffs and each Releasing Party, whether or not they object to the Settlement and whether or not they make a claim for payment from the Net Settlement Fund, regardless of whether the Releasing Party previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Releasing Party never received actual notice of the Action or this proposed Settlement.

16. The Court permanently bars and enjoins Class Plaintiffs and all Releasing Parties from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in

---

[6] Although the foregoing release is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

This release also constitutes a waiver of any and all provisions, rights, and benefits of any federal, state or foreign law, rule, regulation, or principle of law or equity that is similar, comparable, equivalent to, or which has the effect of, Section 1542 of the California Civil Code. The Settling Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Settlement Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts. In entering and making this Settlement Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

any jurisdiction against the Defendants or any of the Released Parties based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against Defendants or any of the Released Parties based on the Released Claims; or (c) organizing Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against the Defendants or any of the Released Parties based on the Released Claims.

17. Neither the Settlement Agreement (nor its exhibits), whether or not it shall become Final, nor any negotiations, documents exchanged among counsel for Class Plaintiffs and JPMorgan in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Defendants or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any manipulation of the market for Precious Metals Futures or Options on Precious Metals Futures traded on COMEX or NYMEX and the prices of Precious Metals Futures or Options on Precious Metals Futures; or (e) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither the Settlement Agreement (nor its exhibits), whether or not it shall become Final, nor any negotiations, documents exchanged among counsel for Class Plaintiffs and JPMorgan in connection with settlement discussions, and

discussions associated with them, nor the Final Approval Order and Final Judgment, may be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Action) in which the Settlement Agreement is asserted as a defense. Notwithstanding anything to the contrary herein, the foregoing provisions do not relieve the Parties of their obligations under the Parties' Mediation Confidentiality Agreement, dated July 21, 2020, which applies to the Mediation Information provided by JPMorgan to Class Plaintiffs in connection with the Settlement or the Action. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order and Final Judgment; and (ii) do not limit the rights of Settling Class Members.

18. Any data or other information provided by Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Class Counsel, and experts or consultants acting on behalf of the Settlement Class. In no event shall a Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

19. The Proof of Claim and Release form, Distribution Plan, and the Supplemental Agreement referenced in Sections 7 and 19 of the Settlement Agreement are each approved as fair, reasonable, and adequate.

20. The Settlement Administrator shall administer the claims administration process, including the calculation of claims submitted by Class Members and distribution of the Net Settlement Fund to Authorized Claimants, pursuant to the Court-approved Distribution Plan. All

Class Members shall submit a Proof of Claim and Release ("Claim") under penalty of perjury by the date set forth in the Notice of Proposed Class Action Settlement, July 7, 2022 Fairness Hearing Thereon, and Class Members' Rights ("Notice") sent to Class Members. Class Counsel, in their discretion, may accept for processing late-submitted Claims so long as the distribution of the Net Settlement Fund is not materially delayed.

21. If a Claim is deficient, the Settlement Administrator shall send the Class Member a deficiency letter which will give the Class Member at least twenty (20) days to cure the deficiency. If the Class Member fails to cure the deficiency within the specified period, the Settlement Administrator shall send the Class Member a letter notifying the Class Member that the Claim has been rejected. The rejection letter will advise the Class Member of the reason(s) for the rejection of the Claim and his, her, or its right to review the determination of the Claim. If the Claim is still rejected, the Class Member shall then be allowed to move this Court for review no later than seven (7) days after Class Counsel submits an application for the distribution of the Net Settlement Fund to eligible claimants.

22. Separate orders shall be entered regarding Class Counsel's Fee and Expense Application. Such orders shall in no way affect or delay the finality of this Final Approval Order and Final Judgment and shall not affect or delay the Effective Date of the Settlement.

23. The word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first Business Day thereafter.

24. The Court directs that this Final Approval Order and Final Judgment shall be Final and entered forthwith.

SO ORDERED.

Dated: July 7, 2022
New York, New York

                                       GREGORY H. WOODS
                                       United States District Judge